IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-91-526 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL** |
| v. | |
| JESUS AGUILAR, | |
| Defendant / | |

Before the Court is defendant's request for appointment of counsel, filed December 1, 2008, by which request defendant seeks an order appointing an attorney to assist him in preparing a petition for a writ of habeas corpus challenging the sentence imposed in the above-titled action. Because said action is a federal rather than state case, it appears defendant is seeking assistance in filing a motion, under 28 U.S.C. § 2255, to set aside the judgment.

Defendant has no right to counsel to assist him in filing either a petition for a writ of habeas corpus or a motion for relief under § 2255. See United States v. Angelone, 894 F. 2d 1129, 1130 (9th Cir. 1990). A district court may appoint counsel for a defendant seeking relief under § 2255, however, where "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2). Such appointment is proper where "it appears probable that any substantial issue, or at least a substantial issue of fact, will be presented." See Dillon v. United States, 307 F. 2d 445, 447 (9th Cir. 1962).

Here, defendant states the motion he seeks to file will present the issue of whether his sentence should be set aside because his sentence was in "direct contradiction with

[his] Plea Agreement." (See Def.'s Req. at 2.) In particular, defendant, who was sentenced to a term of ninety-six months, intends to argue he was offered a sixty-month sentence by the government, and that such offer and his acceptance thereof is set forth in a Plea Agreement signed by the parties in 1991.

The Court declines to appoint counsel to assist defendant in filing a motion to assert such a claim, because such claim has little chance of success on the merits, and, as a result, would not raise any substantial issue. The Plea Agreement does not contain a promise by the government that defendant would receive a sixty-month sentence, nor does it contain any statement that defendant entered into the Plea Agreement with the understanding that defendant would receive a sixty-month sentence. Indeed, the Plea Agreement expressly states that defendant "hopes to receive a sentence of less than ten years but that he has no right to a sentence of less than ten years under this agreement" (see Plea Agreement ¶ 10),[1] and defendant acknowledged at the hearing in which he entered a plea of guilty that he understood the terms of the Plea Agreement to provide that he could "get anywhere from five to forty" years as a sentence (see Transcript of Proceedings, October 24, 1991, at 27:12-15).[2] Further, defendant acknowledged, both in the Plea Agreement (see Plea Agreement ¶ 12) and on the record at the hearing in which he entered a plea of guilty (see Transcript of Proceedings, October 24, 1991, at 27:21 - 28:15), that the Court was not bound by the Plea Agreement.

Accordingly, defendant's request for the appointment of counsel is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 9, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] The Plea Agreement is attached as Exhibit C to Defendant's Sentencing Memorandum, filed March 3, 2008.

[2] The Transcript is attached as Exhibit A to Defendant's Response to the Government's Sentencing Memorandum, filed March 3, 2008.