IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JESUS AGUILAR,<br><br>　　　　Defendant　　　　　　／ | No. CR-91-526 MMC<br><br>(CV 09-0451 MMC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

　　　　Before the Court is defendant's Motion to Vacate, Set Aside or Correct Sentence, filed February 2, 2009. Having read and considered the motion, the Court rules as follows.

　　　　Defendant pleaded guilty to a violation of 21 U.S.C. § 846, and was subsequently sentenced to a term of eight years. (See Judgment, filed March 14, 2008.) By the instant motion, defendant asserts that, in 1991, an Assistant United States Attorney "promised" him that he would receive "bail" and a "maximum" of a five-year sentence in exchange for "cooperation," and that defendant "accepted." (See Def.'s Mot. at 5.) Defendant also states that the parties executed a written Plea Agreement in 1991, and that "[i]n this Plea Agreement, [defendant] was 'assured' that the sentence will be of NOT more than Sixty-Months, or a Five Years Sentence." (See Def.'s Mem. in Support at 3.) Defendant argues that, in light of the Plea Agreement, the Court should have sentenced defendant to a term of five years.

"If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Rule 4(b), Rules Governing Section 2255 Proceedings.  Having reviewed defendant's motion, the memorandum and exhibits attached thereto, and the record of prior proceedings conducted herein, the Court finds it is plainly apparent that defendant is not entitled to the relief sought.

Defendant is correct that the parties, specifically, defendant, defendant's counsel, and the Assistant United States Attorney, signed a Plea Agreement in 1991.  The Plea Agreement does not, however, contain a promise by the government that defendant would receive a five-year sentence, nor does it contain any statement that defendant entered into the Plea Agreement with the understanding he would receive a five-year sentence.  Indeed, the Plea Agreement expressly states that defendant "hopes to receive a sentence of less than ten years but that he has no right to a sentence of less than ten years under this agreement."  (See Plea Agreement ¶ 10.)[1]  Further, defendant acknowledged at the hearing in which he entered a plea of guilty that he understood the terms of the Plea Agreement to provide that he could "get anywhere from five to forty" years as a sentence.  (See Transcript of Proceedings, October 24, 1991, at 27:12-15).[2]  Moreover, defendant acknowledged, both in the Plea Agreement (see Plea Agreement ¶ 12) and on the record at the hearing in which he entered a plea of guilty (see Transcript of Proceedings, October 24, 1991, at 27:21 - 28:15) that the Court was not bound by the Plea Agreement.

Accordingly, defendant's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 13, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] The Plea Agreement is attached as Exhibit C to Defendant's Sentencing Memorandum, filed March 3, 2008.

[2] The Transcript is attached as Exhibit A to Defendant's Response to the Government's Sentencing Memorandum, filed March 3, 2008.

2