United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-91-526 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT** |
| v. | |
| JESUS AGUILAR, | |
| Defendant. | |

Before the Court is defendant's "Motion to Vacate Judgment Pursuant to Rule 36, in Pari Materia to Rule 60(b) Fed. R. Civ. P.," filed March 1, 2011. Having read and considered the motion, the Court rules as follows.

Defendant pleaded guilty to a violation of 21 U.S.C. § 846, and, in 2008, was sentenced to a term of eight years. (See Judgment, filed March 14, 2008.) By the instant motion, defendant asserts that his trial counsel provided ineffective assistance during the plea negotiation process and sentencing hearing, and, further, that the government breached a plea agreement by seeking a sentence in excess of five years.[1]

To the extent the motion seeks relief pursuant to Rule 36 of the Federal Rules of

---

[1] Defendant contends the parties entered into a plea agreement providing that his sentence would be five years in length. By order filed March 13, 2009, in which order the Court denied defendant's motion for relief pursuant to 28 U.S.C. § 2255, the Court found the plea agreement included no such provision. (See Order Denying Defendant's Motion to Vacate, Set Aside or Correct Sentence, filed March 13, 2009.)

1 Criminal Procedure, the motion lacks merit for the reason the motion does not seek to
2 "correct a clerical error in [the] judgment."  See Fed. R. Crim. P. 36.

3     To the extent the motion seeks relief pursuant to Rule 60(b) of the Federal Rules of
4 Civil Procedure, the motion lacks merit, because Rule 60(b) "is an improper vehicle to
5 challenge a criminal conviction."  See United States v. Barbee, 286 Fed. Appx. 521 (9th Cir.
6 2008).

7     Finally, to the extent the motion may be construed as seeking relief pursuant to 28
8 U.S.C. § 2255, see Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (noting "[i]n
9 general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner
10 may test the legality of detention"), the motion lacks merit, because defendant has
11 previously sought and been denied relief from the judgment pursuant to 28 U.S.C. § 2255,
12 and the Court lacks jurisdiction to consider a successive motion thereunder.  See United
13 States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (holding district court lacks jurisdiction to
14 consider successive § 2255 motion where defendant has not obtained from Court of
15 Appeals authorization to file successive § 2255 motion); see also Rules Governing § 2255
16 Cases, Rule 9 (providing "[b]efore presenting a second or successive motion, the moving
17 party must obtain an order from the appropriate court of appeals authorizing the district
18 court to consider the motion").

19     Accordingly, defendant's motion is hereby DENIED.

20     In the event defendant may seek to appeal the instant order, and to the extent the
21 instant motion may be construed as having been brought in a "habeas corpus proceeding,"
22 see 28 U.S.C. § 2253(a), a certificate of appealability is hereby DENIED, for the reason
23 defendant has not made a "substantial showing of the denial of a constitutional right."  See
24 28 U.S.C. § 2253(c)(2).

25     **IT IS SO ORDERED.**

26
27 Dated: March 7, 2011
      MAXINE M. CHESNEY
      United States District Judge
28

2